UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
----------------------------------------------------------------X
SHANI MARCUS,                                    Civil No.:

                      Plaintiffs,
    -against-
                                         **COMPLAINT**
VALENTINE & KEBARTAS, INC.,
                                   **DEMAND FOR JURY TRIAL**
                  Defendant.
----------------------------------------------------------------X

Plaintiffs Shani Marcus ("Plaintiff"), by and through her attorneys, MARCUS & ZELMAN, LLC, as and for her Complaint against the Defendant VALENTINE & KEBARTAS, INC., (hereinafter referred to as "Defendant"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiffs brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2. Plaintiff Shani Marcus is a resident of the State of New Jersey, and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

3. Defendant is a debt collection agency incorporated in Massachusetts, with its principal place of business located at 15 Union Street, Lawrence, Massachusetts 01840.

4. Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 U.S.C. §1692a(6).

5. The alleged obligation that the Defendant was attempting to collect is a "debt" as defined by 15 U.S.C.§ 1692a(5).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

8. Plaintiffs repeat, reiterate and incorporate the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9. Defendant, on behalf of a third party, or on behalf of itself as purchaser of the Debt, began collection efforts to collect an alleged consumer Debt.

10. On or around May 13, 2015, the Plaintiff received a phone call from the Defendant's phone number of (973) 878-0529 on her landline phone number of (732)531-0436.

11. The Plaintiff answered said phone call and the Defendant asked for an alleged debtor named "Mara X."

12. The Plaintiff stated that she is not the alleged debtor and advised the Defendant to cease from calling her again.

13. On or about May 14, 2015, the Plaintiff received an additional telephone call from the Defendant.

14. On or about May 15, 2015 the Plaintiff received an additional missed telephone call from the Defendant.

15. On or about May 15, 2015, the Defendant called a second time and the Plaintiff answered the call, again reiterating that Defendant had the wrong number.

**FIRST CAUSE OF ACTION**
*(Violation of the FDCPA-15 U.S.C. § 1692b and § 1692c)*

16. Plaintiffs repeat, reiterate and incorporate the allegations contained in paragraphs numbered "1" through "15" herein with the same force and effect as if the same were set forth at length herein.

17. 15 USC §1692c provides that "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney for the creditor, or the attorney of the debt collector."

18. 15 USC §1692b provides that "Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall (1)identify himself, state that he is confirming or correcting location information concerning the consumer, and only if expressly requested, identify his employer."

19. 15 USC §1692(3) provides that a debt collector may "not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information."

20. Pursuant to 15 USC §1692c, the Defendant was only allowed to communicate with the Plaintiff in order to obtain location information regarding the purported debtor named "Mara X".

21. Pursuant to 15 USC §1692c(3), the Defendant was only allowed to communicate with the

Plaintiff <u>once</u> in order to obtain location information regarding the purported debtor named "Mara X".

22. Upon information and belief, Defendant communicated with the Plaintiff on May 13, 14 and 15, 2015 in an attempt to obtain location information regarding the purported debtor named "Mara X".

23. In its numerous attempts to obtain location information as to the purported debtor "Mara X" on May 13, 14 and 15, 2015, the Defendant violated 15 USC §1692b(1) when its representative failed to mention to it was confirming or correcting location information about the debtor, and by communicating with the Plaintiff more than once.

24. As a result of Defendant's violations of 15 USC §1692b, Plaintiff has been damaged and is entitled to actual and statutory damages in accordance with the FDCPA.

**SECOND CAUSE OF ACTION**
*(Violation of the FDCPA-15 U.S.C. § 1692d)*

25. Plaintiffs repeat, reiterate and incorporate the allegations contained in paragraphs numbered "1" through "24" herein with the same force and effect as if the same were set forth at length herein.

26. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §1692d.

27. Pursuant to 15 U.S.C. §1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

28. The Defendant violated §1692d by repeatedly calling the Plaintiff after they were informed

that a) the Defendant had the wrong number, and b) to cease calling the Plaintiff's landline phone.

## DEMAND FOR TRIAL BY JURY

29. Plaintiffs hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which they are or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment from the Defendant as follows:

    A.    For actual damages provided and pursuant to 15 USC §1692k(a)(1);

    B.    For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

    C.    For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

    D.    For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

    E.    A declaration that the Defendant's practices violated the FDCPA;

    F.    For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:    August 6, 2015

        Respectfully submitted,

        **MARCUS ZELMAN, LLC**

        By: /s/ Yitzchak Zelman_____
        Yitzchak Zelman, Esq. (YZ5857)
        ATTORNEYS FOR PLAINTIFF
        1500 Allaire Avenue, Suite 101
        Ocean, New Jersey 07712

Phone: (732)695-3282
Fax: 732-298-6256
Email: yzelman@MarcusZelman.com